IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

   vs.                   **Case No. 12-40003-01-RDR**

ROBERT H. LEVIN,

           Defendant.

_____

**O R D E R**

This matter is presently before the court upon the motion of the defendant for disqualification of this court pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.  The defendant seeks recusal of the court due to the court's allegedly "deep-seated resentment" of his defense counsel, Keen Umbehr.  This resentment purportedly arises from a decision by the United States Supreme Court in <u>Board of County Com'rs, Waubaunsee County, Kan. v. Umbehr</u>, 518 U.S. 668 (1996), where the Supreme Court affirmed a Tenth Circuit Court of Appeals decision reversing this court in a First Amendment civil rights action brought by Mr. Umbehr when he operated a trash hauling business.  Mr. Umbehr believes that this court was so upset with him after this ruling that I then treated him poorly on three separate occasions in social situations when we "crossed paths." Having carefully reviewed the defendant's motion, the court is now prepared to rule.

The court wants to make a couple of comments before ruling on the motion.  First, I want to make clear that I have no animosity against Mr. Umbehr.  The court is convinced that any umbrage felt because of the Umbehr decision lies far more in Mr. Umbehr's imagination than in reality.  During my thirty-five years on the bench, I have made thousands of decisions.  Many have been appealed and I have been affirmed and reversed.  I fully understand that this is the nature of the process.  By the time my cases are decided on appeal, they have faded almost from all memory and are considered so much water under the bridge.  I suppose most judges, including the undersigned, do not like being reversed.  But, it can vary from case to case and there was nothing in Mr. Umbehr's case (after all, the court never conducted a hearing on the case) which would even tempt the court to fault Mr. Umbehr for the fact that the Tenth Circuit and the Supreme Court decided part of the case differently from this court.  In each case, I attempt to make the best decision I can based upon the facts and the present state of the law.  Occasionally, the Tenth Circuit or the Supreme Court indicates that my decision is wrong.  I may respectfully disagree, but I certainly do not hold it against the litigants or their counsel.  I made my decision in Mr. Unmbehr's case in the same manner as I have in all of my other cases.  At the time of that decision, the law was unsettled on the First Amendment rights of independent contractors.  I chose one line of cases and the Supreme

2

Court did not agree.  I certainly respect the decision made by the Supreme Court, and Mr. Umbehr's attorneys are to be commended for their work in that case.

Second, I certainly disagree with facts asserted by Mr. Umbehr in the three incidents noted in Mr. Umbehr's affidavit in support of this motion.  I have little recollection of any of these events, but I do not recall being disrespectful to Mr. Umbehr on any occasion.  If he felt that I was unkind to him, I am sorry that he misinterpreted my responses.

With all of that said, I am going to grant defendant's motion. While the court is somewhat reluctant to shrink in the face of Mr. Umbehr's vainglorious bombast, I assume that Mr. Umbehr has shared his feelings with the defendant and that, therefore, the defendant might not be as comfortable as he would otherwise be in this court. This does not constitute legal grounds for recusal.  But, as a senior judge, I have control over my docket and I choose not to do anything which might incite Mr. Umbehr to again create a chimera. I will direct that this case be returned to the clerk of the court for reassignment.

**IT IS THEREFORE ORDERED** that defendant's motion for disqualification of the Honorable Richard Rogers (Doc. # 24) be hereby granted.  This case shall be returned to the clerk of the court for reassignment.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge